MINERVA B. HERRICK *vs.* BENJAMIN GLIDDEN.

Essex. November 6, 1907. — January 8, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Partition.*

At the trial of a petition for partition of real estate alleged to be held in common by the petitioner and the respondent, it appeared that, after the death of a former owner of the property, an assignment of dower was made to his widow of the lower part of a dwelling house upon the property, and that subsequently, under proper license, the administrator of the estate of the former owner sold and conveyed the property to the respondent's predecessor in title, "saving and reserving that part . . . set off to" the widow. Later the widow died and the heirs of the former owner conveyed to the petitioner's predecessor in title all the "right, title, interest and estate . . . which was set off to" the widow. Before this petition was filed, the house had been removed. The petitioner contended that the land was assigned to the widow as dower, and that, not having been conveyed by the deed of the administrator, it had come to him by deed of the heirs on the termination of the dower estate, while the respondent contended that only an easement in the land had been assigned, and that the land had come to him by the administrator's deed. *Held,* that the petition must be dismissed since, upon either contention, the estate was owned in severalty and not in common.

PETITION for partition of land in Beverly, alleged by the petitioner to be held in common by her and the respondent, filed in the Superior Court for the county of Essex July 28, 1903.

There was a trial before *Schofield,* J., on an agreed statement of facts, the material portions of which are as follows:

Both the petitioner and the respondent derived their titles

from one John Pickett, who died in 1821, seised of real estate which included a lot of land with a dwelling house upon it. An assignment of dower was made in 1822 to his widow, which, besides an interest in other real estate, included, as to the dwelling house and lot referred to, the whole of the lower part of the house, a small portion of the cellar and easements in other parts of the house and surrounding yard. Thereafter in the same year the administrator of the estate sold to Thomas L. Pickett, the respondent's predecessor in title, the dwelling house and lot, "saving and reserving that part of said house and land that hath been set off to said deceased's widow as her dower in his real estate." The respondent claimed exactly what was conveyed by the administrator's deed.

The widow died in 1847, and then the heirs of John Pickett joined in a deed to the petitioner's predecessor in title, conveying the "right, title, interest and estate in and to all that portion of the real estate of the late John Pickett aforesaid which was set off to his widow, . . . together with all the privileges thereto belonging." The petitioner claimed exactly what was conveyed by this deed of the heirs.

The petitioner and the respondent joined in selling the house, which was moved off from the premises, the proceeds of the sale being divided "proportionately." This petition is only with regard to the land upon which the house had stood.

The presiding judge ruled that the assignment of dower gave to the widow an estate in severalty for life in the land under the house, leaving the reversion in the heirs; that the deed of the administrator conveyed the residue of the property which had not been set off; that the deed of the heirs, after the widow's life estate fell in, conveyed the fee simple in the portion of the property described in the assignment of dower to the petitioner's predecessor in title; that "the petitioner is not a tenant in common, but in severalty. She is entitled to the land on which the house stood. The court rules that she is not entitled to partition as prayed for, but may be entitled to a writ of entry or other remedy for possession." He therefore dismissed the petition and the petitioner appealed.

*S. Perley,* for the petitioner.

*R. M. Mahoney,* for the respondent.

HAMMOND, J. If, as contended by the petitioner, the land, and not merely an easement therein, was included in the dower set off to the widow, then it passed to Batchelder by the deed given by the heirs to him after her death, and afterward by mesne conveyances to the petitioner, and now is owned by him in severalty. *Symmes* v. *Drew*, 21 Pick. 278. If, as contended by the respondent, not the land, but only an easement therein, was included in the set-off, then the land passed to Thomas L. Pickett by the deed of the administrator of the estate given to him before the death of the widow, and by mesne conveyances has passed to the respondent who holds the same in severalty. Either way there is no land owned by the petitioner and respondent in common, and for that reason the petition must be dismissed. The rights of the petitioner, if any she has, must be settled in some other proceeding.

*Petition dismissed.*